UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDRES BETANCOURT,

       Petitioner,

v.                                             Case No.:  2:26-cv-00503-SPC-DNF

KRISTI NOEM *et al.*,

       Respondents,
_____/

## **OPINION AND ORDER**

    Before the Court are petitioner Andres Betancourt's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 9), and Betancourt's Reply (Doc. 10).  For the below reasons, the Court grants the petition.

**A. Background**

    Betancourt is a native of Cuba who entered the United States as a refugee on June 2, 1989.  He later gained lawful-permanent-resident status.  Following a 1996 criminal conviction, an immigration judge ordered him removed on November 4, 1998.  Immigration officials were unable to execute his removal order during the removal period, so it released him under an order of supervision.  Immigration and Customs Enforcement ("ICE") re-detained Betancourt for 48 days in 2002 and 51 days in 2006, presumably for the purpose of executing the removal order, but those efforts were also unsuccessful.

When Betancourt reported to ICE for a check-in appointment on December 5, 2025, ICE arrested him and revoked the order of supervision. He is currently detained at Alligator Alcatraz. Betancourt challenges the legality of his detention because there is no significant likelihood of removal in the reasonably foreseeable future.

**B. Jurisdiction**

Before addressing the merits of Betancourt's claim, the Court must address its jurisdiction. The respondents argue a provision of the Immigration and Nationality Act ("INA") bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we

read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

Betancourt does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Rather, Betancourt challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Betancourt's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no

longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondent acknowledges that the presumptively reasonable period of detention has expired and *Zadvydas*'s burden-shifting framework applies. Betancourt has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Immigration officials made that determination in 1998, when they released Betancourt under an order of supervision. Subsequent attempt to

remove Betancourt in 2002 and 2006 were also unsuccessful. ICE cannot remove Betancourt to Cuba, and it has not formulated any plan to execute the removal order. The burden thus shifts to the respondents. They assert the right to remove Betancourt to a third country, but they do not claim ICE has taken any steps towards third-country removal or that any third country is reasonably likely to accept Betancourt.

### D. Conclusion

The Court finds no significant likelihood Betancourt will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Betancourt to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Andres Betancourt Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Betancourt within 24 hours of this Order, and he shall facilitate his transportation from the detention facility by informing his attorney when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record